JOHN R. WELLER, Defendant in Error, *v.* JOSEPH C. RANSON *et al.*, Plaintiffs in Error.

*Security—Discharge.*—To discharge the security, there must be such an express or implied agreement between the principal debtor and the creditor, to extend the time of payment, as to prevent the creditor suing at once upon the original obligation.

*Error to Kansas Common Pleas Court.*

*J. B. Hovey* and *H. B. Bouton*, for plaintiffs in error.

*E. B. Ewing*, for defendant in error.

BATES, Judge, delivered the opinion of the court.

This was a suit upon a promissory note made by the defendants to the plaintiff, and in which Campbell was a security for Ranson. The only questions presented arise upon

the answer of Campbell, who set up as a defence that the plaintiff gave to Ranson, the principal, further time of payment of said note after it was due.

It appears from the evidence that after the maturity of the note Ranson accepted two bills (which together amounted to the sum due on the note) drawn by the plaintiff upon him at four months' time, and " it was agreed between said plaintiff and defendant Ranson, that if he, Ranson, should take up the said acceptances when they became due, that the note here sued on should be cancelled ; but that said note was not to be delivered up nor any part of its obligation surrendered until these acceptances were taken up." One of the bills was discounted in bank, and the money thus raised on it was received by the plaintiff, and the cashier of the bank wrote on the back of the note the words, " Received on the within note three hundred and fifty-five dollars, November 7, 1860 ;" but this receipt was not signed by any person. Ranson failed to pay the bill so described, and the plaintiff, the drawer of it, paid it to the bank and erased the words written on the note as above quoted.

The court gave instructions declaring in effect that these facts did not constitute a defence to that action.

There was no error in this action of the court. There being no express agreement to give time, the only question is, did the facts shown imply such an agreement ? The agreement itself expressly reserved the whole objection of the note, and there is nothing in it which would have prevented the plaintiff from suing on the note immediately. The only agreement in respect to the note was that if Ranson should pay the bills the note should be cancelled. This imposed no obligation on the plaintiff to wait until the maturity of the bills before proceeding to collect the note, especially as the agreement also was, that no part of the obligation of the note was surrendered.

Judgment affirmed.    Judges Bay and Dryden concur.