APPELLATE and trial practice: argument of counsel: court's discretion.

---

MARY RICHARDS, Respondent, v. HARTFORD LIFE AND ANNUITY INSURANCE COMPANY, Appellant.

68  585
78  516
147m574

Kansas City Court of Appeals, February 1, 1897.

1. **Life Insurance**: GENERAL V. ASSESSMENT: STATUTE. The Missouri statutes make an important distinction between general life insurance companies and assessment insurance companies, being more favorable to the assured in the former than in the latter.

2. **Trial Practice**: SUBMISSION: AMENDMENT OF PLEADINGS. Where, after the pleadings are made up, a cause is submitted on an agreed statement of facts, the pleadings may be amended to conform to the submission, but not so as to have the effect of changing the terms of the submission or to meet the exigencies of the trial.

3. **Life Insurance**: PREMIUM: WAIVER OF PAYMENT: JURY QUESTION. On the facts in this case there was no waiver of the nonpayment of the premium, but whether there was a waiver is a question to be determined by the trier of the fact.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

REVERSED.

*Ralph E. Scofield* for appellant.

(1) The judgment is not supported by the evidence in the case. The judgment should have been for the defendant notwithstanding the finding of the court that defendant was not an "assessment plan" company. See authorities cited under 2 below. (2) The agreed statement of facts specially stipulated that this case was to be submitted upon the question of forfeiture and waiver. Where a case is to be tried upon an agreed statement made by the parties thereto, that agreed statement governs. That agreed statement takes the place of everything else, and the court is governed thereby. *Munford v. Wilson*, 15 Mo. 557; *Gage v. Gates*, 62 Mo. 416; *Hammontree v. Huber*, 39 Mo. App. 328; *State v. R'y*, 34 Mo. App. 591; *Hannah v. Baylor*, 27 Mo. App. 313.

*Kenneth McC. DeWeese* for respondent.

(1) The law does not favor forfeiture. Slight circumstances are enough to show a waiver. *McFarland v. Accident Ass'n*, 124 Mo. 204–217; *Hanthorne v. Ins. Co.*, 5 Mo. App. 73; *Thompson v. Ins. Co.*, 52 Mo. 469; *Hanley v. Life Association*, 69 Mo. 380; *Sims v. Ins. Co.*, 47 Mo. 54, 61, 62; *Goedecke v. Ins. Co.*, 30 Mo. App. 601; *Ins. Co. v. Unsell*, 144 U. S. 439. See opinion THAYER, J., instructing jury in the case last cited in 32 Fed. Rep. 443; *Ins. Co. v. Doster*, 106 U. S. 30; *Ins. Co. v. Norton*, 96 U. S. 239; *Ins. Co. v. Eggleston*, 96 U. S. 96; *Ins. Co. v. Mowry*, 96 U. S. 544.

ELLISON, J.—This is an action on a life insurance policy, the plaintiff being the widow of the assured. The trial was before the court without the aid of a jury

and resulted in a judgment for plaintiff for $2,148.80. The cause was submitted to the court on an agreed statement of facts and of the claims of the respective parties, which were submitted for decision:

STATEMENT.

"Now this day come the parties to the above entitled cause and agree to submit the above matter to the court for its determination thereof, and agree that the following are the facts upon which the same is to be decided: Plaintiff claims to recover of defendant two thousand dollars ($2,000) upon a life insurance policy issued by defendant upon the life of Lawrence Richards, deceased, husband of and insured for the benefit of said Mary Richards. Defendant claims that by virtue of the conditions of said policy and the neglect of said Lawrence Richards to pay an assessment which became due and payable on October 11, 1894, but upon which four days of grace were allowed, making the last date for payment October 15, 1894, had lapsed and all the right and benefit under said policy had terminated. Lawrence Richards, the insured, was found dead in his bed on the morning of November 1, 1894. Plaintiff claims that defendant, by its course of dealing with the plaintiff, had waived a strict compliance with the terms of the policy. Defendant denies any such waiver on its part. The following are the facts upon which the said controversy depends, to wit:" etc.

This agreed statement was entered into after the pleadings were made up. The pleading consisted of a petition, answer, and reply. The petition recited that the policy was "filed herewith," but did not make the policy a part of the petition. The answer, among other things, set up that the defendant was a company organized on the "assessment plan." The reply did not deny this. After the cause had been heard by the court, he took it under advisement and announced his

finding and decision on or before October 17.    Defend
ant, on that date, filed a motion for judgment, notwith-
standing the finding.  Defendant, on said date, also filed
its motion for new trial and in arrest of judgment.  The
latter motions were overruled on October 19, and on th᠈
latter day, but before the motions were acted on, plain-
tiff was given leave, over defendant's objection, to
amend his petition by interlining immediately after
the words stating that the policy was "filed herewith,"
the following: "and made a part of this petition as
though fully set forth herein at length and to which
the plaintiff begs leave to refer."

The court found that there had been no waiver of
the payment of the premium due October 15, 1894.
But the court further found, or concluded, under the
wording of the policy as construed by the court, that
defendant was, practically, not an assessment company
as regards this insurance, at least, until the
lapse of seven years from the date of the
policy.  That until the expiration of that
time, the case must be considered as though defendant
was a general life insurance company.  The distinction is
important in this state, since we have statutes favorable
to the assured in general life insurance companies that
do not apply to companies on the assessment plan.
*Handford v. Ins. Co.*, 122 Mo. 59.  By construing this
policy to be governed by the statutes relating to general
life insurance, sections 5856, 5858 became applicable,
and plaintiff would be entitled to recover of defendant
an amount to be determined by those sections, notwith-
standing the provisions for forfeiture for nonpayment
of premiums.

But was the court authorized to pass on any ques-
tion other than those submitted by the parties?  We
think not.  It is evident that the agreed submission
only embraced the question of whether defendant, "by

LIFE insurance:
general v. assess-
ment: statute.

its course of dealing with plaintiff, had
TRIAL practice: waived" a compliance with the policy. It
submission: was doubtless with a view of giving the
amendment of
pleadings. submission a broader limit that the amend-
ment to the petition was made, whereby the policy be-
came a part of the petition. As the petition stood at
and before the trial, it did not disclose whether defend-
ant was a general or assessment plan company. The
answer alleged that it was the latter. The reply only
denied new matter in the answer, which was "incon-
sistent" with the petition, and therefore did not deny
the allegation that defendant was an assessment com-
pany. By amending the petition so as to have it in-
clude the policy as one of its constituent parts, it left
room for the argument that the allegation in the an-
swer that defendant was an assessment company was
denied by the reply, since, as is contended, the policy
shows itself to be a general insurance policy and there-
fore inconsistent with the allegation of the answer that
it was an assessment company. But the agreed sub-
mission was executed before the trial and was based on
the pleadings as they then stood. It is manifest that,
over the protest of one of the parties, you can not so
alter the pleadings as to change the meaning and scope
of the submission. In other words, you can not amend
the pleadings so as to alter the rights of the parties as
fixed by the submission. The pleadings could be
amended so as *to conform* to the terms of the submission,
but not so as to have the effect of changing the terms.
We shall therefore construe the submission as though
the petition had not been amended after the court's
finding.

That such submission, or agreed statement of the
matter in controversy, was only intended to apply
to the one controversy of waiver is apparent from its
terms, as above set out. It is furthermore made appar-

ent from the fact that all of the evidence referred to in the submission as exhibits, etc., relate to the acts and doings of the parties showing the "course of dealing," to establish a waiver. It is evident that the parties considered the right of the controversy was to be determined by the question of waiver and that all else was conceded. In this view, a submission duly made by the parties can not be altered to meet the exigencies of the trial. *Hammontree v. Huber*, 39 Mo. App. 326.

2. It remains to determine whether the case presented justified the court in finding that there was no waiver by defendant. We are of the opinion that it did. The deceased took out the insurance on July 11, 1892, the policy, or certificate of membership, requiring the payment of premiums quarterly with three days of grace, and providing for forfeiture in case they were not paid. This made payments due on October 15, 1892; January 15, 1893; April 15, 1893, etc. The two latter payments were not make when due, but were received by the defendant a few weeks later, the plaintiff furnishing a health certificate and being reinstated by defendant, as it was provided in the policy or certificate it might do. All other payments down to the one due October 15, 1894, were promptly paid. The latter was not paid at all, as shown by the following facts: Payment was tendered October 27, 1894, in response to a letter from defendant of October 22, reminding deceased that the payment had not been made, that he stood, in consequence, without insurance; that if he would make application for reinstatement, including a health certificate, defendant would consider it, and if it did not reinstate him, would return the money accompanying the application. Accompanying the tender of payment October 27 was the application for reinstatement and the health certificate, but the latter

*Marginal note:* LIFE insurance: premium: waiver of payment: jury question.

was not dated. On October 31, deceased made another application for reinstatement in proper form, with health certificate duly dated, and that night he died. The defendant refused to reinstate him and returned the check for the premium which was inclosed.

The most that can be said for the plaintiff is that the defendant's course of dealing with the deceased was of such character as left it a matter to be determined by the trier of the facts. It seems that under the ruling of the supreme court in the case of *Reichenbach v. Ellerbee*, 115 Mo. 588, the trial court would have been justified in declaring, as a matter of law, that there was no waiver. In that case, there was evidence tending to prove that the officers of the insurance company permitted the deceased "on many occasions to pay prior assessments after" the time fixed upon. This evidence was withdrawn from the jury by an instruction. But it was not considered as showing a waiver from the fact that the supreme court ruled that the "undisputed facts" called for a peremptory instruction against the plaintiff. The court added these words: "There is no evidence in the case upon which this verdict can rest. There was no lack of evidence on the part of the defendant to make its defense of forfeiture as complete and perfect as in reason such a defense could be made by unimpeached and uncontradicted evidence. The verdict (in the teeth of the court's instruction and the evidence) must have been the fruit of an unreasoning sympathy by the jury for the bereaved widow (whose case was then before them) unmindful of the superior claims of other similar unfortunates, who, by the due performance of the conditions of similar contracts, in law and in equity, have a better right to a fund which by this verdict would be taken from them and given to the plaintiff, if it were permitted to stand."

But we will not put our decision on the authority

of that case, since, under the terms of the opinion in the strongest case cited to us by plaintiff (*Hartford Ins. Co. v. Unsell*, 144 U. S. 439), the question was one of fact to be determined by the trier of the fact. The cases of *Sims v. Ins. Co.*, 47 Mo. 54, and *Hanley v. Ins. Co.*, 69 Mo. 383, are not applicable in their facts to the case at bar.

The foregoing considerations lead to a reversal of the judgment and it is so ordered. All concur. ·