KANSAS CITY to the use of THE DIAMOND BRICK AND TILE COMPANY, Respondent, v. JOHN J. McGOVERN et al., Appellants.

### Kansas City Court of Appeals, February 6, 1899.

1. **Appellate Practice**: QUESTIONS BELOW AND ABOVE. An appellate court will not consider questions not presented to and passed on by the trial court.

2. **Principal and Surety**: EXTENSION OF TIME: RELEASE OF SURETY: CONSIDERATION. An extension to discharge a surety must be binding on the creditor and have a sufficient consideration, but sureties for a contractor on city improvements will not be released by an extension of the time by the city from liability to materialmen for material furnished before the extension.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

T. J. SEEHORN and R. W. QUARLES for appellants.

(1) This case comes fully within the provisions of the case of McQuiddy v. Brannock, 70 Mo. App. 535, holding the contract void and inoperative after the expiration of the

time limited by the express terms of the contract. Brock v. Luning, 89 Cal. 316; Raisch v. San Francisco, 80 Cal. 1; Fanning v. Schammel, 68 Cal. 428; Daugherty v. Coffin, 69 Cal. 454. (2) "The verdict and judgment is against the law." McQuiddy v. Brannock, 70 Mo. App. 535; Rose v. Trestrail, 62 Mo. App. 352.

ANDREW F. EVANS and GAGE, LADD & SMALL for respondent.

(1) The trial court had no authority to pass on any other question than the one submitted by the agreed statement. Richards v. Ins. Co., 68 Mo. App. 585; Rogers v. Gage, 59 Mo. App. 107; St. Joseph ex rel. v. Landis, 54 Mo. App. 315; Gorham v. Railway, 113 Mo. 408; Burdoin v. Trenton, 116 Mo. 358; R. S. 1889, sec. 2302. (2) The alleged extension of time was wholly without consideration and could not change or affect the liability of the sureties on the contract. Watts v. Grant, 42 Neb. 869; Wayman v. Jones, 58 Mo. App. 313; Austin R. E. & A. Co. v. Bohn, 87 Tex. 583; Brown v. Bank, 31 S. W. Rep. 216; Ford v. Beard, 31 Mo. 459; Rucker v. Robinson, 38 Mo. 154; Henrieus v. Englert, 17 N. Y. S. 235; Dorsey v. McGee, 46 N. W. Rep. 1018; Moore v. Fountain, 8 So. Rep. 509; Lyman v. Lincoln, 38 Neb. 794, also article of submission in this case; Charter of Kansas City, sec. 20, art. 9; Charter and Revised Ordinances, 1898, p. 160; School District v. Danchy, 25 Conn. 530; Harrison v. Railway, 74 Mo. 364; McQuiddy v. Brannock, 70 Mo. App. 535; DeWey v. State, 91 Ind. 173; Risse v. Planing Mill Co., 55 Kan. 518; Howard County v. Baker, 119 Mo. 397; Coffman v. Cooper, 46 Neb. 464.

SMITH, P. J.—The defendant McGovern as principal and the other defendants as promisors entered into a written agreement with the plaintiff city whereby the said McGovern

agreed to macadamize, etc., a certain street in the plaintiff city, the work, by the terms of the contract, to be commenced in ten days and completed within sixty STATEMENT. days after the date of the confirmation of the contract. There was a further provision in said contract to the effect that if the cost of the labor and materials used in carrying out the contract were not paid in full by the said McGovern, the other defendants, the promisors, would pay it within ten days after due.

More than sixty days after the said contract became effective, that is to say on the fourteenth day of August, 1895, the Brick and Tile Company, pursuant to a contract previously entered into between it and the defendant, McGovern, furnished the latter the materials described in the petition to be used in the improvement of said street. After the time provided in the said contract between the plaintiff city and defendants for the completion of said street improvement had expired, that is to say, on the twenty-first day of August, 1895, the plaintiff city passed an ordinance authorizing the city engineer to extend the time for the completion of the work under said contract until November 19, 1895, which was done accordingly by the said city engineer.

At the trial it was agreed between the parties that the plaintiff city was entitled to judgment against the defendant McGovern, the original contractor for the work, and also against the other defendants, the promisors, unless the latter were discharged from liability on account of the extension of the time for the completion of the work. The judgment was for plaintiff city and defendants appealed.

It is thus seen that by the terms of the stipulation just referred to, the validity of the contract between the plaintiff city and the defendants for making said street improvement stands admitted. That issue was made by the pleadings, but was eliminated by the stipulation. Under the stipulation there was but a single question submitted to the trial court

for its decision, and that was, whether or not the extension of the time by the city engineer for the completion of the improvement had the operative effect to discharge the promisor defendants.

It might be that if the validity of the contract had been an issue in the trial court, as it was not, and therefore an issue here, that the rulings made in Brannock v. McQuiddy, 70 Mo. App. 535, would have some application, but since that issue is not involved they have not. We have no authority to pass upon any question other than that submitted by the stipulation. Richards v. Ins. Co., 68 Mo. App. 585. The rule of appellate practice has long been well settled in this state that a point not presented and passed on by the trial court will not be considered by the appellate court.

*APPELLATE practice: questions below and above.*

In recurring to the question whether the special promisors were discharged from the obligations of the contract, it is to be observed that the materials were furnished McGovern, the contractor, some days before the extension of the time for doing the work by the engineer was made. It is conceded that at the time the materials were furnished the contractor by the material man, the contract was valid and therefore there was liability to pay for the same both by the contractor and the special promisors. The rights of the material man and the liability of the contractor and the promisors become fixed and absolute at the time the materials were furnished by the former and accepted by the latter. How could the subsequent extension of the time of performance of the contract relieve the promisors of a liability which was then fixed and absolute in its quality? How could the extension of the contract by the city, with the consent of the contractor, relieve the promisors of a liability on the contract to the material man, which had been incurred by them prior to such extension?

*PRINCIPAL and surety: extension of time: release of surety: consideration.*

The extension as between the plaintiff city and the promisors may be effective to discharge the latter as to any liability on the contract as to the former.

The rule is that where a surety claims that he has been discharged because of the extension of the time granted to the principal without his consent, the act or agreement of the creditor must be such as to operate as an estoppel on such creditor, sufficient to prevent him from bringing an action before the expiration of the extended time. Owings v. McKenzie, 133 Mo. 323. To effect such an extension as would operate to discharge the sureties, there must be some binding contract obliging the creditor from suing the principal at least for a time. Weller v. Ranson, 34 Mo. 362; Rucker v. Robinson, 38 Mo. 154; Aultman v. Smith, 52 Mo. App. 351. The contract to extend the time must be founded upon a valuable consideration and binding in law upon the parties. Wayman v. Jones, 58 Mo. App. 313. In the present case there was no valuable consideration shown for the extension, so as to make such extension valid. No agreement of extension was shown, to which the material man was a party, that could act as an estoppel on him sufficient to prevent him from bringing his action on the contract at any time after his action accrued.

But suppose there had been shown a valid extension as between the city and the contractor, how could that affect the material man whose right of action had already accrued on the contract, and who was not a party to the extension agreement? The city did not represent the material man and could not make an agreement with the contractor that would affect his already accrued rights.

By the terms of the contract the promisors guaranteed (1) the performance of the work according to the requirements of such contract, and (2) that if the contractor did not pay the costs of the labor and materials required to perform such contract, they would do so. The plaintiff city no

doubt, by a valid extension agreement, could estop itself to sue and recover for a breach of the first branch of the undertaking of the promisors, but certainly not as to the second, securing the rights of the materialman.

Our attention has been called, in the brief of counsel for plaintiff, to many adjudicated cases which are to the effect that the extension of time for a public improvement can not have the effect to discharge the sureties on the bond for the performance of the same as against the claim of materialmen for material used in the work, but these we shall not further notice since, we think, we have already sufficiently demonstrated the right of the plaintiff to recover.

The judgment was, as we think, for the right party and will be affirmed. All concur.