BURNES ESTATE, Appellant, v. FIDELITY & DEPOSIT COMPANY, Respondent.

**Kansas City Court of Appeals, November 3, 1902.**

1. **Principal and Surety: BUILDING CONTRACT: CONTEMPLATED CHANGE: RELEASE OF SURETY.** A building contract contained stipulations permitting changes on the written order of the architects and also required the work of pile-driving and increased footings to be paid for as extras. The excavation and footings for the foundation were materially increased without such written order. *Held*, the contract contemplated such alterations and the surety was not thereby released.

2. ——: ——: **CHANGE OF SPECIFICATIONS: RELEASE OF SURETY.** Under the same contract, however, a change in the vestibule door and the substitution of a copper for a glass roof therein without the consent of the surety, released him, since the surety has the right to stand upon the letter of the contract without alteration, though designed for his benefit.

Appeal from Buchanan Circuit Court.—*Hon. W. K. James,* Judge.

AFFIRMED.

*Brown & Dolman* for appellant.

(1) Under the contract, the contractors were required to do anything "implied or necessarily connected with the proper completion of the work," including excavating "to firm and solid ground," and no order of the architect, written or otherwise, was required for this. Early v. O'Brien, 64 N. Y. Sup. 848; Woodruff v. Railroad, 108 N. Y. 39. (2) The contract must be so construed as to give effect to the provision that the contractors should excavate to firm and solid ground. Calloway v. Henderson, 130 Mo. 77, 86; Burch v. Hotel, 7 Mo. App. 583. (3) The pro-

vision of the contract requiring the written order of the architects to authorize "alterations" in the work, was intended for the protection of the owner against doubtful claims. White v. Railroad, 50 Cal. 417. (4) For this purpose there is an express declaration in the contract that the architects are without authority to give oral directions for alterations, and if the contractor should make them upon such directions he would be committing a breach of the contract for which the bondsmen would be liable if damage should result. Lumber Co. v. Gates, 89 Mo. App. 201; Starkweather v. Goodman, 48 Conn. 101; Woodruff v. Railroad, 108 N. Y. 39; Abbott v. Gatch, 13 Md. 314; White v. Railroad, *supra*; Adlard v. Muldoon, 45 Ill. 196; Gray v. La Societe Francaise, 131 Cal. 566 (63 Pac. 848).

*James C. Davis* for respondent.

(1) When a building contract provides against any material variations from its terms, unless the difference in the contract price resulting from the variations be first agreed upon by the parties in writing, and a material change in the work is agreed upon between the parties but not in writing, the surety will be discharged from further obligation unless he has consented thereto. Beers v. Wolf, 116 Mo. 179; Killoren v. Meeham, 55 Mo. App. 427; Elbridge v. Fuhr, 59 Mo. App. 44; Kane v. Thuener, 62 Mo. App. 69. (2) The contract provided that no alterations should be made in the work shown or described by the drawings and specifications except upon a *written* order of the architects. The order by the architects for the alterations mentioned was *verbal* and *not in writing* as provided for by the contract. Hence, respondent is released from any liability on its bond. 59 Mo. App. 44. (3) When changes are made from the plans and specifications of a building contract, and such changes are made without the consent of the surety, this will discharge the surety from liability on the bond. In this case it appears by the evidence of the appellant that no consent

by respondent to the changes named was 'had. Nofsinger v. Hartnett, 84 Mo. 549; Bricker v. Stone, 47 Mo. App. 530; Prior v. Kiso. 81 Mo. 241; Warden v. Ryan, 37 Mo. App. 470.

BROADDUS, J.—This is a suit by appellant against defendants, Rusco & Chaffee, contractors with plaintiff for the erection of a three story brick building in St. Joseph, Missouri, and the Fidelity and Deposit Company, their surety on a bond for the performance of the contract. Judgment was rendered against the defendants, Rusco & Chaffee, for the sum of $4,458.77. The court on the hearing of the case instructed for a finding for the Fidelity and Deposit Company, whereupon the plaintiff took a nonsuit against said company, and it is the judgment of the court in refusing to set aside same, from which plaintiff appeals.

The defendants, Rusco & Chaffee, by their contract in writing, dated the thirty-first day of May, 1898, undertook and agreed under the direction of Messrs. Felt & Carr, architects, to erect a three-story brick building for plaintiff, and to provide and pay for all labor and materials necessary for the construction and completion thereof, as shown by certain specifications and drawings, and to fully complete said work on or before the first day of November, 1898, in consideration for which plaintiff was to pay them the sum of $27,454, to be paid as the progress of said work should justify, etc. It was also agreed between the parties that written alterations might be made in the work described in said drawings and specifications, upon the written order of the architects, and that when so made the value of the work so added or omitted should be added to, or deducted from the contract price, and that the work of driving piling, and increasing footings, in addition to the amount specified in said contract, should be paid for extra.

A large number of liens were enforced against the building, which plaintiff was compelled to pay. There is no objection urged against the judgment

against the contractors, so we may assume the amount thereof to be the true measure of plaintiff's damages, growing out of the failure of said contractors to comply with the terms of their contract, for which the defendant surety would be liable unless it has been released by alterations, made in the work as shown by the drawings and specifications, without the written order of the architects. This is the sole question in the case. There is no dispute but what the excavations and footings for the foundation of the building were materially increased, at an additional cost of $865.77, without the written order of the architects. It is contended that said change so made without the written order of the architects released the defendant surety, and the trial court so held. It is the law that a surety has a right to stand upon the letter of his contract and that any alteration thereof, without his consent, will discharge him. Fullerton Lumber Co. v. Gates, 89 Mo. App. 201; Warden v. Ryan, 37 Mo. App. 466; Taylor v. Jeter, 23 Mo. 244; Evans v. Graden, 125 Mo. 72.

But it is contended by the appellant that the increased work for the excavations and footings for the building were contemplated and provided for in the contract. The contract reads: ''It is further agreed that the work of driving piling, or increasing the footings in addition to the amount specified is to be paid for in addition to the amount herein mentioned.'' It appears that it became necessary to make additional excavations and increase the footings in order that the building be erected upon a sure foundation. This provision of the contract clearly indicates that it was in the minds of the parties to the contract that a contingency might arise which would necessitate the additional work, which is claimed voided the contract of the surety, because it was done without the written consent of the architects. By the terms of the contract itself, the contractors were bound to perform the additional work, if the contingency arose, and it follows that the surety was also bound. The specifications in that respect were not like other specifications, which might be modified from time

to time as the work progressed, but the change was provided for, if the contemplated contingency arose, and it was such a change as became imperative if the building could be constructed in workmanlike manner. The specifications for the excavations and footings for the foundation were merely provisional; that is, if they proved sufficient, they were to be followed, if not, they were to be changed and additional work performed to meet the emergency. It having been provided for in the contract, we do not see what necessity there existed for a written order to carry out this expressed provision therein. The parties to the contract, with the view of meeting this particular contingency, provided for it by putting it into their contract. It was held in Fullerton Lumber Co., supra, that when the contract contemplates its alteration, it may be altered without affecting the liability of the surety.

But it is claimed by defendant that it was released by the other changes made in said specifications without the written order of the architects, viz.: a vestibule door, provided for the entrance to the main building, as was also some of the tiling, was left out, and a copper roof was substituted for a glass roof. All these changes were made with the consent of the owner of the building but without the consent of the surety. But appellant claims that, as these changes did not materially enhance the cost of the structure, the liability of the surety was not affected. The question does not depend upon whether there was an increase or diminution in dollars and cents of the contract price, but upon a change in the contract itself. If a change be made in the contract without his consent, the surety is discharged. "The law is, that a surety has the right to stand upon the letter of the contract, and any alteration thereof without his consent, even though designed for his benefit, will discharge him." Fullerton Lumber Co. v. Gates, supra; Beers v. Wolf, 116 Mo. 179; Bauer v. Cabanne, 105 Mo. 118; Nofsinger v. Hartnett, 84 Mo. 549.

It was a material change to substitute a copper roof

of a part of a building for a glass roof, to say nothing about leaving out a vestibule door to the main entrance of said building, and the omission to put in tiling as required by the specifications; and because the owner agreed to pay the same for the substituted changes as provided for originally, does not under the authorities prevent a discharge of the surety's liability. For this reason, the cause is affirmed. All concur.