JOHN A. TOLMAN COMPANY, Appellant, v. HARRY
L. HUNTER et al., Respondents.

**Kansas City Court of Appeals, June 26, 1905.**

1. **APPELLATE PRACTICE:** Evidence: Verdict: Depositions.
   Whether evidence is worthy of belief is for the jury and not
   the appellate court, which cannot interfere if there be any evi-
   dence supporting the verdict; and this is the rule where the
   evidence is by depositions leaving the jury without a personal
   view of the witnesses.

2. **GUARANTY:** Change of Contract: Release. A change of con-
   tract releases the guarantor and the fact that it may be made
   for his benefit does not alter the rule, since the new contract
   abrogates the original one, which has no binding force left;
   and this, though the loss occurred before the change. Cases
   distinguished.

Appeal from Henry Circuit Court.—*Hon. W. W.
Graves*, Judge.

AFFIRMED.

*Lindsay & Hinkle* for appellant.

(1)   The appellate court will set aside a verdict,
which is without substantial evidence to support it, or
which is manifestly the result of prejudice or passion.
Acklin v. Staehlin, 56 Mo. 558; Long v. Moon, 107 Mo.
334; Hewitt v. Steele, 136 Mo. 327; Oglesby v. Railroad,
177 Mo. 272; Curtiss v. Driggs, 25 Mo. App. 175; Bank
v. Lawson, 87 Mo. App. 42; Roman v. Trading Co., 87
Mo. App. 186; Gage v. Trawick, 94 Mo. App. 307.   (2)
A change of the terms of a contract will not release the
surety or guarantor of such contract from liability, for
acts done prior to such change, provided such prior acts
are distinct and separable from those done subsequent
to the change.   State ex rel. Drach v. Chaeney, 52 Mo.
App. 258; Bank v. Traube, 75 Mo. 199; School District
v. Livers, 147 Mo. 580; Kansas City v. McGovern, 78 Mo.
App. 513; Bank v. Owen, 101 Mo. 558, 579, 580; 2 Brandt

on Suretyship and Guaranty, (2 Ed.), sec. 389, 392, 393, 394 and 395 and notes. (3) A verdict for the defendant will be set aside, where the admitted facts entitle the plaintiff to a judgment for any sum, however small. Curtis v. Driggs, 25 Mo. App. 175. (4) The chief reason why appellate courts defer to the finding of facts made by lower courts and by juries, is the fact that the lower court and the jury saw the witnesses and had an opportunity to observe their manner of testifying, and their demeanor on the witness stand, having thus a signal advantage over the appellate court. Jenks v. Glenn, 86 Mo. App. 329; Halstead v. Mustion, 166 Mo. 495. But the jury and the circuit judge had no such advantage in this case, for the purpose of arriving at their respective conclusions, over this court.

*C. A. Calvird* and *Peyton A. Parks* for respondents.

(1) Guarantors are either bound *in toto* or not at all. If a material alteration is made in the contract without the surety's consent he is discharged, even though the alteration be for his benefit. 2 Brandt on Suretyship & Guaranty (2 Ed.), sec. 388; Warden v. Ryan, 37 Mo. App. 467. (2) Any change in a contract made after a surety signs it, or signs a bond for a faithful compliance with the contract, will release the surety, and this, also, whether it be detrimental or beneficial to the surety, if the change be made without his consent. The liability of a surety is not to be extended by implication beyond the strict terms of the contract. To the extent and in the manner and under the circumstances pointed out in his obligation, he is bound and no further. Leavel v. Porter, 52 Mo. App. 640.

ELLISON, J.—This is an action on a contract of guaranty. The judgment in the trial court was for the defendants. It appears that plaintiffs made a contract of employment of one Cary E. Hunter as "a traveling

salesman and otherwise." That he was to collect money for them in the territory over which he traveled. That he would repay to plaintiffs whatever money they might advance to him. That he was to be paid a commission on his sales and was to bear his own expenses. After a period of near one year he quit the service in debt to plaintiffs seven hundred and forty dollars.

The answer contained two defenses: first, that plaintiffs got Hunter to enter their service by false and fraudulent representations; and, second, that plaintiffs and Hunter changed the terms of the contract between them in a material respect without the consent or knowledge of defendants, guarantors. The first defense was peremptorily taken out of the case by the trial court, and the second was submitted to the jury by proper instructions.

1. The plaintiffs assign two principal causes for reversal of the judgment: First, that there is no evidence to sustain the defense of a change in the contract and thereby, they contend, the verdict has no support. We have gone over the evidence and find that if that given in support of the allegation of a change is to be believed, there was abundant support for the verdict. Whether it was evidence worthy of belief is not for us to say, since, under our system, that is a matter exclusively for the jury.

2. But the principal evidence in the cause was given by deposition, and since the jury had no opportunity for seeing and hearing the witnesses, and had no means of observing their conduct and manner while testifying, plaintiffs claim that the rule permitting a jury to judge of the evidence and its weight should not be applied; or, at least, should be somewhat relaxed. But the case is one at law and an appellate court is without authority to weigh evidence, whatever embarrassment the jury may labor under in determining the issues upon which the evidence bears. There is no additional power in an

113 app—43

appellate court arising from the fact that the evidence before a jury was given by deposition; though in cases where the question whether an appellate court should interfere is exceedingly close, the fact that the evidence was through the medium of depositions might be of some persuasive force in coming to a conclusion.

3. It is finally urged by plaintiffs that notwithstanding there may have been a change of the contract without defendants' knowledge or consent, yet as it was shown that the indebtedness of Hunter accrued to them before the alteration, no harm was done defendants and they cannot take advantage to themselves on account of such change having been made. We are cited to the cases of School District v. Livers, 147 Mo. 580, and Kansas City v. McGovern, 78 Mo. App. 513, in support of the point. We think they have no application. They relate to the rights of third parties who had no hand or lot in the change and are founded on a rule altogether different from that governing this case. Here, the change was made by the parties now seeking to enforce liability in the face of their own wrongful interference with the contract.

The rule in this class of alterations is fundamental and finds constant application. If the alteration is made, a surety is discharged though such change worked no harm, or was even for the sureties' benefit. The alteration makes a new contract which abrogates the original. The original being thus set aside can bind no one, and since the new or changed contract has not had the assent of the parties sought to be charged, it cannot bind them. [2 Brandt on Suretyship and Guaranty; Warden v. Ryan, 37 Mo. App. 466; Leavel v. Porter, 52 Mo. App. 640.]

A careful examination of the points as presented satisfies us that the judgment should be affirmed. All concur.