## J. N. UTTERSON, Appellant, v. D. R. ELMORE et al., Respondents.

Springfield Court of Appeals, April 3, 1911.

1. PRINCIPAL AND SURETY: Bonds: Building Contract: Release of Sureties. The sureties on a bond conditioned for the completion of a building according to the plans and specifications, were sued on account of an alleged breach of the building contract on the part of the contractors. The written contract executed between plaintiff and the contractors provided that changes might be made in the work and in the plans and specifications, and during the construction of the building certain minor changes were in fact made without the consent of the sureties. *Held*, that the making of the changes released the sureties.

2. ———: ———: ———: ———: **Changes in Contract.** Any substantial change made in the contract by the principal and the contractor without the consent of the surety, will release the latter regardless whether the alterations were injurious or beneficial to the surety. A surety has the right to stand on the very letter of his contract.

3. ———: ———: ———: ———: ———. If a building contract provides that changes may be made in the plans and specifications and the bond is conditioned for the faithful performance of the contract, then the surety is liable on the bond for a breach of the contract, notwithstanding changes were made.

4. ———: ———: ———: ———: ———: **Immaterial Changes.** In a suit against the surety on a contractor's bond, which provided for the construction of a building according to the plans and specifications, the sureties pleaded changes had been made in the plans and specifications. Plaintiff claimed that the changes made were immaterial, that they should be ignored. The evidence relating to the changes is examined and although amounting to a difference of only a few dollars they are held to have substantially changed the contract, so as to release the sureties from liability. (Following Beers v. Wolf, 116 Mo. 179.)

5. ———: ———: **Liability of Surety.** There is no implied obligation on the part of a surety that he has undertaken more or other than that expressed in his contract and it is only ·to the extent and in the manner and under the circumstances pointed out in his bond that he is bound.

Appeal from Jasper Circuit Court.—*Hon. D. E. Blair,*
Judge.

AFFIRMED.

*D. C. Mallory* and *Frank L. Forlow* for appellant.

(1) There were such changes made that were made necessary by negligence and failure of the contractor to perform the work according to the terms of the contract as shown by the record. "But a surety will not be discharged by a change in the work contracted for, which was rendered necessary solely by the negligence of his principal in· the execution of ·the

contract. Killoren v. Meehan, 55 Mo. App. 428. (2) It may be that it will be claimed here that there was some departure from the plans and specifications but authority for this was given under the terms of the contract and that this did not operate to discharge the sureties on the bond, we believe the following case shows. Association v. Fitzmaurice, 7 Mo. App. 283. (3) The obligations of sureties should have a reasonable interpretation according to the intent of the parties, as disclosed by the instrument read in the light of the surrounding circumstances, and the purpose for which it was made. McDonald v. Harris, 75 Ill. App. 111; 32 Cyc. 74. (4) While the liability of a surety is always to be confined to the limits of his engagement, the latter is yet entitled to receive such a natural and reasonable construction as will fairly accord with the purposes and intents which the engagement purports to express. State ex rel. v. Tittman, 134 Mo. 171. (5) That the obligations of a surety are *strictissimi juris* does not imply that a forced construction is made in his favor, but a fair and reasonable construction must be given the writing, and then the case must be brought strictly within the terms of the guaranty. Ins. Co. v. Potter, 4 Mo .App. 594.

*George V. Farris* and *H. W. Currey* for respondent.

(1) The plaintiff having changed the plans and specifications without first agreeing with the contractor in writing, and thereby increasing the amount which was to be paid under the contract, without the consent of the sureties in this case, M. Beckman and Sam Jones, said sureties were thereby released. Chapman v. Eneberg, 95 Mo. App. 126; Burns Estate v. Fidelity & Deposit Co., 96 Mo. App. 471; Eldridge v. Fuhr, 59 Mo. App. 44; Evans v. Graydon, 125 Mo. 72; Beers v. Wolf, 116 Mo. 179; Killoren v. Meehan, 55 Mo. App. 427; Furniture Co. v. Ft. Smith Co., 66 Ark. 287; United

States v. Freel, 186 U. S. 309; Reissus v. Whites, 128 Mo. App. 135; School District v. Green, 134 Mo. App. 421; Harris v. Taylor, 129 S. W. 995. (2) This being a trial before the court without a jury and no declarations having been asked by the plaintiff, the appellate court will not consider any error of law which the court might have committed or any misapplication of the law to the facts in the case. Wheeler v. McDonald, 77 Mo. App. 213; Corrigan v. Kansas City, 93 Mo. App. 173; Mauch v. Hornback, 109 Mo. App. 624.

GRAY, J.—This is a suit brought by the plaintiff against D. R. Elmore and Son, and Sam Jones and M. Beckman, for $321.71. In July, 1908, the plaintiff made a contract with said Elmore and Son to build a residence for him. At the time the contract was made, a bond was executed by the contractors to the plaintiff, with the defendants, Jones and Beckman as sureties, in the sum of one thousand dollars, for the completion of the building, according to the plans and specifications. The contractors failed to complete the building according to the contract or the plans and specifications, and also failed to pay bills for material, so that the plaintiff, in addition to the contract price, was compelled to pay the above sum.

This suit was instituted against the contractors and the sureties. The cause was tried before the court without a jury, resulting in a judgment in favor of the plaintiff and against the contractors for $259.45, but in favor of the sureties. The plaintiff appealed from that judgment to this court, and the only question for decision here is, whether the trial court was right in excusing the sureties on the bond.

The written contract for the completion of the building, entered into between the plaintiff and the contractors, expressly authorized changes in the work and in the plans and specifications. The bond, however, was not conditioned for the performance of the

contract, but read as follows: "If the said D. R. Elmore & Son shall duly perform said contract by completing the building as described by the plans and specifications and deliver it up free from liens or claims then this obligation shall be void."

The contract provided the work should be done within a specified time and a penalty of a certain amount per day was added for the failure so to do. The plans and specifications made no provision for any changes, and contained no clause requiring the work to be done within a specified time, or a penalty for failure to do so. The sureties claim that without their consent the plaintiff and the contractors made alterations and changes in the building, and on account thereof, they were released.

The only testimony relating to the changes was given by the plaintiff. He testified that the doors were made six inches larger than called for in the plans, and he paid the contractors therefor $2.50; that another change was made in a door, and he paid therefor fifty cents; that a change was made in the way of attaching rafters, resulting in extra plastering, amounting to $17.75; that a change was made in the balcony by leaving out one window and moving one, and that he paid the contractors extra therefor the sum of $18; that shingles were substituted for ridge poles at the extra expense of $2.25. He also testified to a number of other changes made under an agreement between himself and the contractors without the consent of the sureties, but that said changes in no wise increased the cost of the building.

Had the bond been conditioned that the contractors should construct the building according to the contract, then the changes made under an agreement between the plaintiff and the contractors would not release the sureties. The contract expressly provided that changes might be made, and where the contract so reads and the bond is conditioned for its faithful performance, then the

surety is liable, notwithstanding the changes. [Fullerton Lbr. Co. v. Gates, 89 Mo. App. 201; Reissaus v. Whites, 128 Mo. App. 135, 106 S. W. 603.]

The bond in this case does not provide for the completion of the contract by the contractors in all its details. It simply provides for the completion of the contract "by completing the building as described by the plans and specifications."

It must be accepted as the settled law of this state, that there is no implied obligation on the part of a surety that he has undertaken more or other than that expressed in his contract, and it is only to the extent and in the manner and under the circumstances pointed out in his bond, is he bound. [Bauer v. Cabanne, 105 Mo. 110, 16 S. W. 521; Nofsinger v. Hartnett, 84 Mo. 549; Reissaus v. Whites, supra; Beers v. Wolf, 116 Mo. 179, 22 S. W. 620; School Dist. v. Green, 134 Mo. App. 421, 114 S. W. 578.]

It is also well settled that any substantial change made in the contract by the principal and the contractor without the consent of the surety, will release the latter, regardless whether the alterations were injurious or beneficial to the surety. [Higgins v. Deering Harvester Co., 181 Mo. 300, 79 S. W. 959; Burnes' Estate v. Fidelity & Dep. Co., 96 Mo. App. 467, 70 S. W. 518.]

In this case the sureties' undertaking, when strictly construed, only required the performance of the contract to the extent of completing the building according to the plans and specifications. Their liability therefore, is not to be measured by obligations requiring the completion of the building according to a contract in which are provisions for changes and alterations. [School Dist. v. Greene, 134 Mo. App. 421, 114 S. W. 578.]

The second count of plaintiff's petition is based upon the fact that the contractors did not complete the building within the time specified in the contract. The contract provided liquidated damages of three dollars per day for each day the work remained incom-

plete after the time specified for its completion in the
contract. At the beginning of the trial the defendants
objected to the introduction of testimony on said count,
for the reason that it did not state a cause of action
against the sureties. The court sustained the objection
as to the sureties, and plaintiff acquiesced in such rul-
ing by making no point thereon in his motion for new
trial.

As we have stated, the condition of the bond was
not for the full performance of the contract in every
particular, and therefore, the sureties were not liable
for the failure to perform that part of the contract.
This part of the opinion is written solely for the pur-
pose of illustrating the other issue in the case.

In as much as the bond is not conditioned for the
performance of all the terms of the contract, the lia-
bility of the sureties must be limited to the parts of
the contract mentioned and described in the bond, to-
wit: By completing the building as described by the
plans and specifications.

The contention of appellant is, that the changes
were so immaterial that they should be ignored. There
is much merit in this contention. If we were free from
controlling decisions in this state, we might adopt ap-
pellant's view. But in Beers v. Wolf, 116 Mo. 179, 22
S. W. 620, the contract price for the work was over
$31,000. The real expense and cost of changes amount-
ed to a little over $221. The contention was that they
were so immaterial that they should be ignored. The
Supreme Court, speaking through BLACK, J., said:
"Can it be said these changes, taken as a whole, were
so small that the law will take no notice of them? We
think not. No case to which we are cited will justify
any such conclusion. To a suit to recover the expense
brought about by these alterations, it would be no an-
swer to say that they were immaterial. These changes
destroyed the identity of the contract, and that is suffi-

cient to discharge the sureties." This case is in point, and we are bound by it.

In addition to the changes heretofore enumerated and which were made at an increased cost, there were numerous changes made by agreement between the plaintiff and the contractors. Some of them in no manner effected the actual cost of the building, and a number of them decreased the cost thereof. But when all the alterations are taken together, they substantially changed the contract, and under the rule in this state, that the surety has the right to stand on the very letter of his contract, and that any material change in the same, without his consent, releases him, we are of the opinion that the trial court did not err in holding the sureties were not liable in this case, and the judgment will be affirmed. All concur.