FRICK COMPANY, RESPONDENT, v. R. M. SEIBEL, APPELLANT.—118 S. W. (2d) 497.

Kansas City Court of Appeals. March 7, 1938.

*John W. Hudson* and *C. H. Kohler* for respondent.

*J. Roy Smith* for appellant.

BLAND, J.—This is a suit on a contract of guaranty. The case was tried by the court, without the aid of a jury, resulting in a judgment in favor of the plaintiff in the sum of $3070.45. Defendant has appealed.

The facts show that Frick Company, a corporation of the State of Pennsylvania, entered into a contract with Seibel Company, located in Kansas City, constituting the latter its factor for the sale of certain of its equipment. Paragraph Four of the contract reads as follows:

"Fourth, you (Seibel Company) are to issue written orders for purchases made specifying the equipment required and make payment for such purchases in cash, the 10th of the second month after date we make shipment."

After the signatures of the parties to the contract appears the following:

"In consideration of the payment of one dollar ($1.00), receipt of which is acknowledged, and other valuable things, I hereby guarantee the payment of all accounts arising under this agreement, and hereby agree to and with Frick Company, to pay such accounts in cash, if Seibel Company fails to pay as agreed above.

"By R. M. Seibel."

It is agreed between the parties that the relation to the contract of the defendant, R. M. Seibel, was that of guarantor of the account of the Seibel Company.

Pursuant to the contract between Frick Company and Seibel Company the former shipped certain goods on the orders of the latter. Seibel Company did not pay for the goods, in cash, on the 10th day of the second month after the date of shipment, nor has it ever paid for the same.

On September 8, 1932 Seibel Company wrote Frick Company as follows:

"We find that one of your statements, in the amount of $2,100.00 is due on the tenth of this month.

"This is for two Ice Machines and fittings on one of the jobs we are installing for the Grand Union Company of New York. For reason beyond our control the installation was delayed, in fact it

will not be completed until the first of next week. For this reason we want to ask that you extend the date of payment thirty days.

"Will you be good enough to notify us whether or not this is possible."

On March 1, 1933 Frick Company wrote Seibel Company as follows:

"We wish to acknowledge receipt of the thirty day note for $2425.15, which you executed at the request of a representative from our New York Sales Office and which covers your overdue account and interest.

"Will you please be good enough to advise us by return mail to which Bank we shall send this note for payment at maturity, namely, March 10th, 1933? Since time is short, we will appreciate your prompt reply. It is understood, of course, that if necessary a thirty day extension will be granted on this item."

There is no evidence that the defendant consented to the extension of time for the payment of the account or, in fact, that he knew of the execution of the note mentioned in plaintiff's letter of March 1, 1933.

It appears that this suit is not to recover any indebtedness accruing upon the contract between Frick Company and Seibel Company after the date of the giving of the note mentioned in said letter.

It is contended by the defendant that the giving of the note discharged him from his contract of guaranty. We think defendant's contention is well taken.

"The acceptance of a bill or note payable at a future time in the place of a preexisting simple contract debt will release the grantor, unless the note matures before the maturity of the original debt, or is merely taken as collateral, or upon the condition that its acceptance shall not extend the time of payment or affect the liability of the guarantor, or unless no time was fixed for the payment of the principal debt." [28 C. J., p. 1001; 8 C. J., pp. 443, 445, 446; 50 C. J., p. 130.]

In Citizens Bank of Winona v. Evans, 176 Mo. App. 704, 713, the Court quoted approvingly from 2 Daniels, Negotiable Instruments (5 Ed.), sec. 1272, as follows:

"There is no doubt a negotiable bill or note given for or on account of a contemporaneous or preexisting debt, and whether or not it is renewal of a previous bill or note, suspends all right of action on such debt during its currency; that is until it is dishonored by nonacceptance or nonpayment. If this were not so, the creditor who took the additional security in the form of a bill or note might in consequence of its negotiable character transfer it to a bona fide holder and subject the debtor to the payment of both the original and the new debt."

"So, while the giving of a note by the principal debtor to the creditor for the amount of the indebtedness does not generally constitute a payment thereof, if the note is payable at a future date, so as to operate as an extension of time of payment, it discharges the guarantor." [12 R. C. L., 1084.] [See, also, Tyson v. Reinecke, 145 Pac. 153; Herman & Co. v. Williams, Executrix, 36 Fla. 136; American Iron Co. v. Beall, 101 Md. 423; Clark v. Savoy, 14 Gray (Mass.) 528; Sigourney v. Wetherel et al., 8 Metcalf (Mass.) 553; Fritz v. Mouakad, 120 N. Y. S. 329; Shipman et al. v. Kelley, 38 N. Y. S. 597; Shipman et al. v. Kelly, 41 N. Y. S. 328; Colemard et al. v. Lane, 15 Wend. (N. Y.) 329; Bangs v. Mosher, 23 Barb. (N. Y.) 478; Schuhman v. Buehler, 98 N. Y. S. 651; Hunt v. Smith (N. Y.), 31 Am. Dec. 296; Johnson v. Franklin Bank, 173 Mo. 171; Citizens Bank of Winona v. Evans, supra; John A. Tolman Co. v. Hunter, 113 Mo. App. 671.]

There is no evidence of any agreement between the plaintiff and Seibel Company to the effect that the taking of the note was not to extend the time for the payment of the indebtedness. [Shipman et al. v. Kelly, supra.] There is no claim that the note was taken upon any agreement save the one indicated by the correspondence.

Plaintiff quotes the following from Corpus Juris: "An extension of time as to future payment or performance will not release the guarantor from liability which has already accrued." However, in the case at bar, there was no extension of time as to future payment or performance. The note was given for an indebtedness past due. The case of Eberly et al. v. Lehmer, 48 S. W. (2d) 151, does not aid plaintiff.

The judgment is reversed. All concur.

## ON MOTION FOR REHEARING.

BLAND, J.—Plaintiff, in support of its motion for a rehearing, states:

"There was no agreement of parties, that the liability of appellant was solely that of guarantor. Had this been true, this case would not be before the court, and would not have been tried below. The position of the respondent, at all times in this case, has been, that the liability of appellant was that of guarantor, prior to default of the principal, but that, thereafter, and on a default of principal, the appellant became primarily liable, under the terms of his contract, which states that, on failure of the principal to pay, he agreed with the respondent to pay such accounts in cash. The contract specifically provides for the time which appellant would be a guarantor only, and then fixes the time when he would become an original contractor, and liable on a primary liability. There is no contention that, had there been an extension of any character of the terms of the contract,

204

prior to default in payment, that the appellant would have been discharged. The record discloses that a default occurred on September 10, 1932. No evidence of any extension of payment being granted, appears in the record. The note in question, upon which the claim that the appellant was discharged is made, was received by respondent, March 1, 1933, long after default on the part of the principal. Appellant's liability accrued on his contract to pay cash, on the 10th day of September, 1932, and respondent's cause of action against the appellant, upon his agreement to pay cash, accrued at that time, and no act of the principal, other than payment of the debt, would discharge the liability of the appellant on his primary contract.''

To say that the relationship of R. M. Seibel was that of guarantor prior to the default of the principal and something else afterwards is giving no weight whatever to his position as guarantor. There was no liability to pay the debt on R. M. Seibel as guarantor, if such he was, until after default of the principal, so if his relationship was not that of guarantor both before and after that event, it never was his status. The real question is whether he was a guarantor or surety or liable as a principal. That his liability was not, at any time, that of principal there can be no question. [See authorities cited in main opinion.] The case of the Peoples Bank of Stewart, 152 Mo. App. 314, does not aid plaintiff. The motion for a rehearing is overruled. All concur.